[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on September 20, 1969, in New London, Connecticut.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
One child has been born to the wife during the course of this marriage that is presently a minor. Said child is also issue of this marriage, to wit: Shane Feagin, born June 15, 1978.
The marriage has broken down irretrievably, and there is no hope of reconciliation.
The Court has considered all of the criteria in Connecticut General Statutes Sections 46b-81, 46b-82 and46b-84 in the fashioning of its orders. CT Page 10581
It need not, therefore, make specific findings, having already articulated in open court, following the trial, its determination of fault and the other factors which it considers.
Accordingly, the following orders are entered.
(1) A decree of dissolution may enter.
(2) Custody of the minor child by agreement shall be joint with the primary residence with the father. Mother shall have reasonable rights of visitation which shall include every Wednesday evening and alternating weekends from Friday to Sunday evening.
(3) The defendant shall notify the plaintiff sixty days in advance, his intention to move from the State of Connecticut. Said notice shall be in writing.
(4) Each party shall have one month with the child during the summer months.
(5) Defendant shall have the child from December 20 to December 30 of every year. Plaintiff shall have her choice of any holiday upon giving of two weeks notice in writing.
(6) Defendant shall maintain medical and dental insurance for the benefit of the minor child as available through his employment. All unreimbursed medical and dental expenses shall be equally divided between the plaintiff and defendant. Orders are entered in accordance with Connecticut General Statutes Section 46b-84(c).
(7) Defendant shall become the sole and exclusive owner of the radio, jukebox and his 15 year and 10 year anniversary mementos from Electric Boat. Plaintiff shall be the sole and exclusive owner of the chair and twin bed.
(8) Defendant shall pay to plaintiff as periodic alimony the sum of $60 per week until the happening of the first of the following events:
a. Death of either party;
b. Remarriage by the wife;
c. Cohabitation by the wife;
d. Fifteen years from the date of this judgment. CT Page 10582
In no event shall alimony be modifiable as to term.
(9) Plaintiff shall pay to the defendant the sum of $55 per week as support for the benefit of the minor child.
(10) The payments of alimony and support shall be subject to an immediate wage execution.
(11) Defendant shall assign to the plaintiff one-half of the current value of his retirement benefit by way of a Qualified Domestic Relations Orders.
(12) Defendant shall name the minor child as irrevocable beneficiary on a $25,000 life insurance benefit for so long as the child is a minor.
(13) The net proceeds from the sale of the premises shall be divided as follows:
a. Immediate payment of the fee of Attorney Harkins.
b. $900 to defendant
 c. 60 percent of the balance to the plaintiff and 40 percent of the balance to the defendant.
(14) Each of the parties shall be responsible for his or her own attorney's fees.
MIHALAKOS, J.